UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER J. DIRING, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:17-cv-02165-TWP-DML |
| WEXFORD MEDICAL, | ) |
| RACHEL H. Director of Medical, | ) |
| STANLEY KNIGHT Superintendent, | ) |
| CHASITY, JOHN DOES, JANE DOES, | ) |
| Defendants. | ) |

**ENTRY RESCINDING DENIAL OF *IN FORMA PAUPERIS* STATUS
AND DISCUSSING PENDING MOTIONS**

This matter is before the Court on several pending motions. Plaintiff Christopher J. Diring has filed a motion for emergency hearing, [dkt. 9], motion for leave to proceed in forma pauperis [dkt. 16], motion for subpoena, [dkt. 11], motion to amend injunction for relief from serious medical needs, [dkt. 10] and motion for preliminary injunction [dkt. 18]. The Court will address each motion below.

**I. Imminent Danger Exception**

As an initial matter, the Court **rescinds** its earlier Entry denying *in forma pauperis* status and directing Mr. Dirig to pay the filing fee. See [dkt. 5]. In that Entry, the Court found that the plaintiff has "struck out" under 28 U.S.C. § 1915(g) of the prison litigation reform act (PLRA), by filing at least three suits or appeals which have been dismissed as frivolous, malicious, or for failure to state a claim. The purpose of the PLRA is to curtail abusive prisoner litigation. Section 1915 "only allows a prisoner to file three meritless suits at the reduced rate provided by that

section." *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.2001). "After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." *Id.*

Mr. Dirig has filed a number of motions alleging that his claims satisfy the "imminent danger of serious physical injury" exception to the three strikes rule. "In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the threat or prison condition [must be] real and proximate." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (internal quotation omitted) (being denied psychiatric medication causing heart palpitations, chest pains, labored breathing, choking sensations, and paralysis in plaintiff's legs and back adequately alleged imminent danger of serious physical injury). The alleged danger must also exist at the time the complaint is filed. *Id.* Past injuries that have not recurred do not invoke the imminent danger exception.

Mr. Dirig alleges that he is experiencing ongoing pain and suffering related to his injuries caused by a 400 pound weight machine that fell on him on June 1, 2017, with such force as to injure his neck and head. He alleges that the defendants have failed to respond to his requests for treatment and he is being denied pain medications and examinations. He alleges he is experiencing dizziness, bloody noses, nausea, urinating on himself, vomiting, burning of the spine, and an inability to walk or stand without a walker or other assistance. The Court finds that Mr. Dirig has adequately alleged the imminent danger exception to the three strikes rule.

## II. Pending Motions

Mr. Dirig's motion to set emergency hearing to consider imminent danger exception, [dkt. 9], is **denied** because a hearing on this issue is not necessary at this time.

Mr. Dirig's motion to amend injunction for relief from serious medical needs, [dkt. 10], is **granted** to the extent that the Court has determined that his allegations satisfy the imminent danger provision of 28 U.S.C. § 1915(g).

Mr. Dirig's motion for subpoena for camera evidence, [dkt. 11], is **denied** because his request for "camera evidence" is too vague.

Mr. Dirig's motion to proceed *in forma pauperis*, [dkt.16], is **granted.** Based on the funds in his trust account [dkt. 21], it is not feasible to assess an initial partial filing fee at this time. Notwithstanding this ruling, Mr. Dirig still owes the $350.00 filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

Mr. Dirig's motion for preliminary injunction relates to claims that have arisen at Westville Correctional Facility after this action was filed. As such, any new claims would involve different defendants and different circumstances not relevant to this action. Therefore, the motion for preliminary injunction, [dkt. 18], is **denied.**

The Court will screen the complaint in accordance with 28 U.S.C. § 1915A in a separate Entry.

**IT IS SO ORDERED.**

Date: 8/10/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER J. DIRING
157156
WESTVILLE CORRECTIONAL FACILITY

Electronic Service Participant – Court Only