UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER J. DIRIG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:17-cv-02165-TWP-DML |
| ) | |
| WEXFORD MEDICAL, ) | |
| RACHEL H. Director of Medical, ) | |
| STANLEY KNIGHT Superintendent, ) | |
| CHASITY, JOHN DOES, JANE DOES, ) | |
| ) | |
| Defendants. ) | |

**ENTRY SCREENING AMENDED COMPLAINT, DISMISSING
INSUFFICIENT CLAIMS, AND DIRECTING SERVICE OF PROCESS**

**I. Background**

The plaintiff, Christopher J. Dirig ("Mr. Dirig"), is a prisoner formerly incarcerated at Plainfield Correctional Facility ("Plainfield") and currently incarcerated at Westville Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Screening

The amended complaint filed on July 24, 2017, **shall be the operative complaint.** Dkt. 15. Mr. Dirig's claims are brought under 42 U.S.C. § 1983. Based on the caption and on the proposed summons attached to the amended complaint, docket 15-1, the Court liberally construes the amended complaint as naming the following defendants: 1) Wexford Medical; 2) Rachel H, Director of Medical; 3) Nurse Chastity, R.N.; 4) Nurse Katie; 5) Nurse Becky L, LPN; 6) Dr. Polar, Director of Medical; and 7) John and Jane Does. Mr. Dirig seeks compensatory damages.

*Allegations*

Mr. Dirig alleges that he sustained a serious and painful injury on June 1, 2017, when a 400 pound chest press machine fell backwards causing him to smack his head and neck on the concrete floor and causing massive swelling. Shortly after his injury, he was taken to Nursing. He complained of extreme pain in his head and neck area. Nurse Katie failed to examine him or contact a provider. She only took his vitals. A little later, correctional officers called Nursing and told Nurse Katie that Mr. Dirig was unable to walk and was vomiting nonstop. Nurse Katie told the officer to have Mr. Dirig lay down and rest and place a cold towel on his head. Not satisfied with that response, the officer called his supervisor who directed him to take Mr. Dirig back to Nursing.

Upon Mr. Dirig's arrival in a wheelchair at Nursing, Nurse Becky L asked why Mr. Dirig was brought there because he had already been seen. Nurse Becky L was not happy that the

correctional officer's supervisor had ordered him to bring Mr. Dirig to Nursing without calling first. Nurse Becky L failed to inform a nearby provider that Mr. Dirig needed to be seen. Rather, she only checked Mr. Dirig's oxygen levels and said that there was "nothing more Nursing can do for you. Have a nice day." Nurse Becky L also said, "This is not Corizon Medical any more. Wexford won't allow me to give you anything. They have strict rules." Dkt. 15, p. 4. Mr. Dirig left Nursing without being referred to a provider, without being examined, and without any treatment or pain medication.

Mr. Dirig alleges that he still has not been provided any treatment. He cannot walk, stand or sit without a wheelchair, cane or walker. His head and neck area are swollen and he experiences severe pain.

*Insufficient Claims*

The claims against John and Jane Does are **dismissed for failure to state a claim upon which relief can be granted** because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). If Mr. Dirig learns the identity of additional defendants in the future, he may file a motion to amend his complaint by adding allegations and claims against those individuals (and attaching a proposed second amended complaint that includes all of his claims in a single document).

The claims against Rachel H., Director of Medical, Nurse Chastity, RN, and Dr. Polar are **dismissed for failure to state a claim upon which relief can be granted** because there are no allegations of wrongdoing asserted against them.

The claim against Wexford Medical, the private company newly contracted to provide medical services to Indiana prisoners, is construed as a claim that its policies or practices caused the on-site medical staff not to provide adequate treatment for Mr. Dirig's injuries. This claim of deliberate indifference to a serious medical need under the Eighth Amendment shall proceed.

The claims against Nurse Katie and Nurse Becky L, LPN, are construed as having denied Mr. Dirig treatment for a known serious medical need in violation of the Eighth Amendment. These claims shall proceed.

If the plaintiff believes that additional claims were alleged in the amended complaint but not identified by the Court, he shall have **through August 31, 2017,** in which to identify those claims.

### III. Summary and Service of Process

Given the foregoing, the following claims **shall proceed**: deliberate indifference claims against Wexford Medical, Nurse Katie, and Nurse Becky L, LPN. All other claims are **dismissed for failure to state a claim upon which relief can be granted.** The **clerk** shall **terminate** defendants Rachel H, Stanley Knight, Chastity RN, and John and Jane Doe from the docket and shall **add to the docket** defendants Nurse Katie and Nurse Becky L, LPN.

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Wexford Medical, Nurse Katie and Nurse Becky L, LPN, in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the amended complaint (docket 15), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

A courtesy copy of this Entry shall be mailed or emailed to Douglas R. Bitner.

**IT IS SO ORDERED.**

Date: 8/15/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER J. DIRING, 157156
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
Cassiday Schade LLP
111 N. 6th Street
Springfield, IL 62701
dbitner@cassiday.com

Wexford Medical
c/o Registered Agent, Douglas P. Long
500 N. Meridian Street, Suite 300
Indianapolis, IN 46204

Nurse Katie (Plainfield Correctional Facility)
c/o Wexford Medical
c/o Registered Agent, Douglas P. Long
500 N. Meridian Street, Suite 300
Indianapolis, IN 46204

Nurse Becky L, LPN (Plainfield Correctional Facility)
c/o Wexford Medical
c/o Registered Agent, Douglas P. Long
500 N. Meridian Street, Suite 300
Indianapolis, IN 46204

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**