UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER J. DIRIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:17-cv-02165-TWP-DML |
| | ) |
| WEXFORD MEDICAL, | ) |
| NURSE KATIE, | ) |
| NURSE BECKY L, LPN, | ) |
| | ) |
| Defendants. | ) |

**ENTRY DISCUSSING PLAINTIFF'S PENDING MOTIONS**

**I. Motions for Preliminary Injunctive Relief**

Plaintiff Christopher Dirig ("Mr. Dirig"), formerly confined at the Plainfield Correctional Facility ("Plainfield"), initiated this action by filing a motion for emergency injunction for relief of serious medical needs. The Court treated the motion as a Complaint, and directed the defendants to respond to Mr. Dirig's request for preliminary injunctive relief. The defendants in this action are Wexford Medical, a state run medical provider, and Nurse Katie (whose correct name is Kathryn Hill) and Nurse Becky L, LPN (whose correct name is Rebecca Trivett) (collectively the "Plainfield Defendants"). Mr. Dirig was transferred to Westville Correctional Facility ("Westville") in July 2017. Any request for injunctive relief against Plainfield Defendants is now moot. However, Wexford Medical is a state-wide defendant therefore the Court will review the claim for relief against this defendant.

On August 17, 2017, Mr. Dirig filed a subsequent request for preliminary injunctive relief (docketed as a motion for court's assistance). Mr. Dirig alleges that he sustained a serious and painful injury on June 1, 2017, when a 400 pound chest press machine fell backwards causing

him to "smack his head and neck on the concrete floor" and causing massive swelling. He alleges that the defendants have failed to properly treat his injuries and severe pain. In his August 17, 2017, motion, Mr. Dirig alleges he was seen by medical staff on August 14, 2017, but he was still not treated for his ongoing pain and suffering related to the June 1, 2017, incident. He alleges he is being denied an examination and pain medication, a wheelchair, and nothing is being done for his nausea and vomiting caused by headaches and dizziness. For relief, he seeks immediate release from prison so that he can be treated by his private doctors in Ft. Wayne, Indiana.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). To succeed in obtaining preliminary injunctive relief, the plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm if preliminary relief is not granted, that the balance of equities tips in his favor, and that it is in the public interest to issue an injunction. *United States v. NCR Corp.,* 688 F.3d 833, 837 (7th Cir. 2012). The movant bears the burden of proving his entitlement to such relief. *Cooper v. Salazar,* 196 F.3d 809, 813 (7th Cir. 1999).

In addition, with respect to preliminary injunctive relief regarding prison conditions, Congress has required that such relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). "The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief…."

In response to the requests for preliminary injunctive relief, the Defendants submitted copies of Mr. Dirig's medical records which reflect that since his injury on June 1, 2017, he has been seen by medical providers, was given Tylenol and later a pain injection, had an x-ray of his back which was negative and an MRI of the brain which was normal, and was prescribed physical therapy. The physical therapist determined that a wheelchair was not in Mr. Dirig's best interest. Mr. Dirig has been provided a walker.

Mr. Dirig's request to be released from prison so that he can access his own personal medical providers cannot be granted by the Court in this civil rights action. Mr. Dirig's exclusive remedy for obtaining release from prison lies in an action for habeas corpus relief, and that can only be granted under very narrow circumstances. *See Heck v. Humphrey,* 512 U.S. 477, 481 (1994) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). Therefore, his motion for Court's assistance, treated as a motion for preliminary injunctive relief, dkt. [30], and his original injunctive relief request made in his complaint, dkt. [1], are **denied.**

## II. Motion for Order for Medical Care

Mr. Dirig's motion for order for medical care and emergency treatment, dkt. [46], is **denied** to the extent he requests a court order directing the medical providers at Westville to provide specific treatments. A determination has not been made whether Mr. Dirig's constitutional rights have been violated, although it is anticipated that Mr. Dirig's requests for medical care are being taken seriously, including his requests for pain relief.

### III. Motion to Reconsider Appointment of Counsel

Mr. Dirig alleges that he experiences pain when he has to walk the 500 feet from his cell to the law library when he works on his case. It is for this reason that he asks the Court to reconsider his request for the appointment of counsel in this case.

Mr. Dirig should continue to request pain medication and other treatment from the providers at Westville. The circumstances related to the distance he must walk to the law library are not a sufficient basis to recruit counsel, especially in light of the numerous competent filings Mr. Dirig has been able to make on his own behalf. Mr. Dirig's motion to reconsider appointing counsel, dkt. [47], is **denied.**

### IV. Motions for Evidentiary Hearing and for Emergency Injunction

Mr. Dirig's motion for an evidentiary hearing, filed on October 6, 2017, and his motion for emergency injunction, filed on October 16, 2017, allege that defendants have placed false medical documents in his medical records to prevent further litigation. He cites recent examples having to do with his being denied treatment for urinating on himself and his not receiving actual physical therapy. Currently, there are no motions pending before this court which require an evidentiary hearing. If a motion for summary judgment is filed by the Defendants, Mr. Dirig may file relevant and material evidence, along with his statements sworn under penalty of perjury, when he opposes that motion. Until then, his motion for an evidentiary hearing, dkt. [50], and his motion for emergency injunction, dkt. [53], are **denied as premature.**

The clerk shall **modify the docket** to reflect the full names of the defendants as follows: Wexford of Indiana, Nurse Kathryn Hill, and Nurse Rebecca Trivett.

**IT IS SO ORDERED.**

Date: 11/1/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

CHRISTOPHER J. DIRING, 157156
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**